UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR IMMIGRATION STUDIES,
1629 K Street, NW, Suite 600,
Washington, DC 20006

               Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,
935 Pennsylvania Ave, NW
Washington, DC 20535

               Defendant.

Civil Action No. 24-135

# COMPLAINT

Plaintiff Center for Immigration Studies ("**CIS**" or "**Plaintiff**") brings this action against Federal Bureau of Investigation ("**FBI**" or "**Defendant**") to compel compliance with the Freedom of Information Act ("**FOIA**"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff CIS is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at 1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the

social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public for free.

4. Defendant FBI is an agency of the U.S. Government, a component of the U.S. Department of Justice ("**DOJ**"), and subject to FOIA. Defendant has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 11, 2023, Plaintiff submitted a FOIA request to Defendant for the following records ("**First FOIA Request**"):

> **All records sufficient to show any or all the following categories of information for each encounter Between Ports of Entry with a person within the Terrorist Screening Dataset (TSDS):**
>
> a. **Nationality of person of interest**
> b. **Foreign Terrorist Organization (FTO)**
> c. **Category type of threat**
> d. **Category level of threat (numerical)**
> e. **Encounter location (identified by closest border station would be acceptable)**

(**Exhibit 1** at 5.)[1]

6. On August 18, 2023, Defendant issued a final response letter for Plaintiff's First FOIA Request (Request No. NFP-152682) which stated in relevant part:

> **The questions posed in the reference letter are not FOIA request because they do not comply with the FOIA and its regulations. Therefore, your request is being administratively closed.**

(**Exhibit 1** at 8.)

---

[1] Original footnotes omitted.

7. On November 1, 2023, Plaintiff submitted an appeal to Defendant challenging the adequacy of the search and Defendant's adverse determination that the First FOIA Request was not reasonably described. (**Exhibit 1.**)

8. That same day, Defendant sent Plaintiff a letter acknowledging its receipt of the appeal and assigned it number A-2024-00284. (**Exhibit 2.**)

9. Separately, on October 6, 2023, Plaintiff submitted a FOIA request to Defendant for the following records ("**Second FOIA Request**"):

> **All records sufficient to show any or all the following categories of information for each encounter Between Ports of Entry with a person within the Terrorist Screening Database (TSDB):**
>
> a. **Nationality of person of interest**
> b. **Foreign Terrorist Organization (FTO)**
> c. **Category type of threat**
> d. **Category level of threat (numerical)**
> e. **Encounter location (identified by closest border station would be acceptable)**

(**Exhibit 3** at 6.)[2]

10. On October 20, 2023, Defendant issued a final response letter for Plaintiff's Second FOIA Request (Request No. NFP-154144) which stated in relevant part:

> **The questions posed in the reference letter are not FOIA request because they do not comply with the FOIA and its regulations. Therefore, your request is being administratively closed.**

(**Exhibit 3** at 9.)

11. On November 1, 2023, Plaintiff submitted an appeal to Defendant challenging the adequacy of the search and Defendant's adverse determination that the Second FOIA Request was not reasonably described. (**Exhibit 3**.)

---

[2] Original footnotes omitted.

12. That same day, Defendant sent Plaintiff a letter acknowledging its receipt of the appeal and assigned it number A-2024-00283. (**Exhibit 4.**)

13. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii), as of the date of this Complaint, Defendant has failed to make a determination with respect to Plaintiff's appeals for its First and Second FOIA Requests (collectively "**FOIA Requests**")

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges paragraphs 1 through 13 as if fully stated herein.

15. Defendant was required to make a final determination on Plaintiff's appeals no later than December 1, 2023.

16. Defendant failed to make a final determination on Plaintiff's appeals within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); and 5 U.S.C. § 552(a)(6)(C)(i).

17. Defendant is in violation of FOIA.

## COUNT II
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

18. Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19. Defendant has failed to establish that it adequately searched for records responsive to Plaintiff's FOIA Requests despite Plaintiff's challenge to same in Plaintiff's appeals.

20. Defendant is in violation of FOIA.

## COUNT III
## FAILURE TO PROCESS A VALID FOIA REQUEST
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

21. Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22. Defendant failed to process Plaintiff's valid FOIA Requests and failed to adequately justify its decision to administratively close the valid FOIA Requests, despite Plaintiff's challenge to same in Plaintiff's appeals.

23. Defendant is in violation of FOIA.

### Requested Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA appeals is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA Requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA Requests;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA Requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA Requests;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  g. Grant Plaintiff such other relief as the Court deems just and proper.


Dated: January 16, 2024       Respectfully submitted,

                     */s/ Colin M. Farnsworth*
                     Colin M. Farnsworth
                     DC Bar # OR0022
                     Center for Immigration Studies
                     1629 K Street, NW, Suite 600
                     Washington DC, 20006
                     Telephone: 202-466-8185 ext. 126
                     FAX (202) 466-8076
                     Email: cmf@cis.org